**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01665-REB-BNB

DOROTHY NORRIS and
JASON NORRIS

Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

**STIPULATED PROTECTIVE ORDER**

The Parties, through their respective counsel, shall comply with D.C.COLO.LCivR 7.2 as to any information to be submitted under restriction and hereby stipulate and agree as follows:

During the course of this lawsuit ("Lawsuit"), the parties may be required to produce documents or disclose information that include trade secrets or are otherwise confidential or commercially sensitive such that this Protective Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties submit this Stipulated Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of counsel, the parties hereby request that the Court enter the following Order:

1. Whenever any party (the "Producing Party") is called upon to produce or make available to any other party (the "Receiving Party") information or material, whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony, or other information, the Producing Party or any party may designate that

information or material as "Confidential." All items designated "Confidential" shall be conspicuously stamped or written upon each page or separate item by the Producing Party as "Confidential." ~~Subject to Protective Order: In the United State District Court for the District of Colorado, Case No. 13-cv-01666-REB-BNB, Dorothy Norris and Jason Norris v. Allstate Property and Casualty Insurance Company."~~

    2.    "Confidential" information is information which a Producing Party or any party, after first being reviewed by a lawyer, reasonably and in good faith regards as a trade secret or otherwise confidential or commercially sensitive within the meaning of Rule 26(c)(7). An entire document or item may be designated as "Confidential" if any part of it contains "Confidential" information, unless the Producing Party elects to designate only portions of the document or material. "Confidential" information shall not be used or disclosed for any purpose except the preparation and trial of this case, and "Confidential" information shall not be disclosed to anyone except as expressly set forth herein.

    3.    "Confidential" documents, materials, and/or information shall not, without consent of the Producing Party or further Order of the Court, be disclosed, produced, or made available to any person or entity, *except that* such information may be disclosed to:

    A.    attorneys actively working on this case;

    B.    persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys;

    C.    representatives of the party who have a need to know the content of the document; each such party representative shall execute the written acknowledgement called for in paragraph 4 below;

D.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, and such individuals may retain a copy of any document or other material containing Confidential information solely in connection with their work on this matter, which shall be returned to the Producing Party or destroyed pursuant to Paragraph 8 herein;

E.   the Court and its employees ("Court Personnel");

F.   stenographic reporters who are engaged in this action;

G.   deponents or witnesses, but such individuals shall not be entitled to retain a copy of any document or other material containing Confidential information;

H.   any mediator or other person assigned for the purposes of Alternative Dispute Resolution and their staff ("Mediator"); and

I.   other persons by written agreement of the parties.

4.   Any Confidential document, material, and or information shall not be disclosed to any third party, revealed to the public, or leaked to the media. Pursuant to Federal Rule of Civil Procedure 26(c), information or documents designated as "Confidential" may not be produced to any person unless and until this Court enters an order authorizing such disclosure, or otherwise rules in response to an objection pursuant to Paragraph 7 of this Order that a document designated as "Confidential" does not contain any Confidential information and is therefore not subject to the terms of this Order. Notwithstanding the foregoing, documents designated as

"Confidential" and the information contained therein may be disclosed or communicated as necessary for purposes of this case, as set forth in Paragraph 3 of this Order.

5.      Prior to disclosing any "Confidential" information to any person listed above (other than counsel, persons employed by counsel, Mediator, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to production if good cause for review is demonstrated by opposing counsel.

6.      Whenever a deposition involves the disclosure of 'Confidential" information, a party may designate a portion of the deposition as "Confidential" and the designated portion of the deposition shall be subject to the provisions of the Protected Order.  Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.      **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.**

**If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~A party may object to the designation of particular "Confidential" information or documents by giving written notice within thirty (30) days of when the designation was made. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the "Confidential" designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the Producing Party will bear the burden of proving that documents or information designated as "Confidential" should be protected pursuant to applicable Colorado laws and Rules of Civil Procedure. The disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.~~

      8.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" shall be returned to the party that designated it "Confidential" or destroyed within 14 days, except that outside counsel of record may retain in its files a complete set of filings with the Court, deposition

transcripts, and any written discovery requests and written responses thereto. Upon request by any party, counsel of record for each party shall certify in writing within 14 days after the conclusion of this case that all Confidential documents have been returned or destroyed, except as otherwise permitted by this paragraph.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

10. The provisions of this Protective Order shall not terminate at the conclusion of this Lawsuit.  The parties agree that this Court shall retain jurisdiction over this matter and this Protective Order to enforce the terms of this Protective Order.  Violation of any provision of this Protective Order shall be punishable as contempt of Court, and the party that invoked the "Confidential" designation may pursue any and all civil remedies available to it for breach of the terms of this Order.

11. Agreement by a party to the entry of this Protective Order does not constitute an acknowledgement by such party that any discovery materials produced by any other party are in fact confidential or otherwise legally protected.

12. Review of information designated as "Confidential" by counsel, experts, or consultants for the parties shall not waive the confidentiality of the documents or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the relevancy, admissibility, or discoverability of any information or documents.

14. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event that any party seeks to file a motion, pleading, or other document with the Court that contains or attaches Confidential information or documents, the party shall confer with the other parties to determine whether the document can be filed in a redacted or limited form. In the event the parties cannot reach an agreement about the method and manner for submitting the information or document to the Court, the party seeking to file the motion, pleading, or other document shall file a Motion to Seal.~~

DATED: April 17, 2014.

                                          BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

*Original signatures on file at the
law offices of Harris, Karstaedt,
Jamison & Powers, P.C.*

s/ Arthur R. Karstaedt III
Arthur R. Karstaedt III
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone:   720-875-9140
Fax:      720-875-9141
akarstaedt@hkjp.com
Attorneys for Defendant

| | |
|---|---|
| s/Ryan Haun | s/Robert D. Green |
| Ryan Haun | Robert D. Green |
| BRTON LAW FIRM P.C., | ROBERT D. GREEN & ASSOCIATES, |
| 1201 Shepherd Drive | 440 Louisiana St., Suite 1930 |
| Houston, TX 77007 | Houston, TX 77002 |

Phone: 713-227-4747  
Fax: 713-621-5900  
dbarton@bardonlawgroup.com  
rhaun@bartonlawgroup.com  
Attorneys for Plaintiffs  

Phone: 713.654.9222  
Fax: 713.654.2155  
green@greentriallaw.com  
Attorneys for Plaintiffs  


s/Terry E. Rector  
Terry E. Rector  
Rector Law Firm  
131 S. Weber Street  
Colorado Springs, CO 80903  
Phone: 719-578-1106  
Fax: 719-635-3071  
trector@terryrectorlaw.com  

s/L. Dan Rector  
L. Dan Rector  
Rector Law Firm  
131 S. Weber Street  
Colorado Springs, CO 80903  
Phone: 719-473-0075  
Fax: 719-635-3071  
Idanrec@comcast.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01666-REB-BNB

DOROTHY NORRIS and
JASON NORRIS

Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

EXHIBIT A
UNDERTAKING

STATE OF COLORADO    )
                     ) ss
COUNTY OF            )

    I, _____, being first duly sworn, state that:

    1. My address is _____
_____.

    2. My present occupation or job description is
_____.

    3. I have received a copy of the Stipulated Protective Order signed by U.S. District Court Judge Boyd N. Boland on _____ in the case of *Dorothy Norris and Jason Norris v. Allstate Property and Casualty Insurance Company.*

    4. I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated Protected Document or any summaries, abstracts or indices of any Protected Document disclosed to me, and will return all Protected Documents and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to

counsel for the party by whom I am retained.

Subscribed and sworn to before me this day of _____, 2014, by _____.

Witness my hand and official seal.

My commission expires: _____.

_____
Notary Public